# United States District Court
# Central District of California

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOVANA CHAVEZ; DOES 1–10,<br><br>　　　　Defendants. | Case No. 2:17-cv-4034-ODW-AS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [29]** |

## I.　INTRODUCTION

Plaintiff Chris Langer brings this action alleging that the premises of Defendant Yovana Chavez's[1] business, La Palapa Sinaloense, has barriers to access which violate the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). Pending before the Court is Defendant's Motion for Summary Judgment, in which she argues that she has fully remediated the violations alleged in the Complaint and, therefore, the Court should dismiss Plaintiff's ADA claim as moot and decline to exercise jurisdiction over the UCRA claim. For the following reasons, the Court **GRANTS** Defendant's Motion.[2] (Mot., ECF No. 29.)

---

[1] Plaintiff erronseously sued Defendant as "Yobana Chavez."

[2] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Defendant is the business owner of the La Palapa Sinaloense restaurant (the 'Restaurant") located in Los Angeles, California. (Pl.'s Statement of Uncontroverted Facts ("Pl.'s SUF") ¶ 1, ECF No. 35-1.) On May 31, 2017, Plaintiff initiated this lawsuit, alleging that Defendant violated the ADA and UCRA by failing to provide accessible parking spaces. (Compl. ¶¶ 34–35.) Plaintiff also alleged that the transaction counter of the restaurant was not at least 36 inches in length and/or had a maximum height of 36 inches above the floor. (*Id.* ¶¶ 36–37.)

On September 19, 2017, John Battista, a Certified Access Specialist, re-inspected the Restaurant at Defendant's request and provided a final inspection report. (*See* Pl.'s SUF ¶ 2.) Before the re-inspection, Battista prepared an initial report identifying various barriers to entry, including the barriers alleged in the complaint related to the lack of accessible parking spaces and the transaction counter height. (Decl. of John Battista ("Battista Decl.") Ex. A, ECF No. 32.) Battista's initial report also identified other barriers and suggested corrections. (*See generally id.*) In his final inspection report, Battista opined that Defendant completed all necessary corrections and that the Restaurant met the current State and Federal Construction Related Accessibility Standards. (*Id.*, *see also* Battista Decl. ¶ 6.)

Defendant moved for summary judgment on April 20, 2018. (Mot., ECF No. 29.) Plaintiff opposes the Motion. (Opp'n, ECF No. 35.) Plaintiff disputes the fact that Defendant corrected the barriers to access and provides a report from his own Certified Access Specialist, Janis Kent, who visited the Restaurant on May 2, 2018. (Decl. of Janis Kent ("Kent Decl.) Ex. 6, ECF No. 35-7.) Kent acknowledges that there was a designated accessible parking space with the correct dimensions on the property when she visited and that both the order counter and pick-up counter were the compliant width. (*Id.* at 4.) Kent explained that a portion of one of the counters was greater than the allowable height by one-half inch, because that portion measured

34.5 inches. (*Id.* at 4–5.) Kent also reported that she observed other barriers at the Restaurant that Plaintiff did not allege in the Complaint. (*See generally id.*)

In her Reply, Defendant provided evidence that a section of the cement area below the transaction counter has been re-surfaced to ensure that all sections of the counter are no greater than 34 inches in height. (Reply 2, ECF No. 41.) Defendant also provides evidence that the remainder of the barriers to access Kent outlined in her report have been corrected.[3] (*See generally id.*)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477

---

[3] Courts generally refuse to consider new evidence included in a reply. However, Plaintiff has not objected to Defendant's inclusion of this evidence nor moved to strike it. Ultimately, the Court finds that Defendant's original summary judgment evidence, alone, is sufficient to warrant granting the Motion.

U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Thus, the Court will grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out the material facts to which the moving party contends there is no genuine dispute. C.D. Cal. L.R. 56-1. Additionally, a party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. 56-2. In determining any motion for summary judgment, "the Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence files in opposition to the motion. C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

**A. ADA Claim**

Plaintiff raises a claim for violation of Title III of the ADA, which prohibits discrimination in any place of public accommodation. *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005); 42 U.S.C. § 12182. In order to establish a prima facie case for discrimination under Title III of the ADA, Plaintiff must show that (1) he or she is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Defendant denied public accommodations to Plaintiff because of his or her disability.

42 U.S.C. § 12182(a); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Monetary damages are not available in private suits under Title III, *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), but the ADA gives courts the discretion to award injunctive relief, attorneys' fees, litigation expenses, and costs to the prevailing parties. *See* 42 U.S.C. § 12205; *Molski*, 481 F.3d at 730.

In his Complaint, Plaintiff alleged that he encountered two barriers, which prevented him from enjoying the Restaurant's accommodations: (1) there were no accessible parking spaces and (2) the transaction counters were higher than 36 inches above the floor and greater than 36 inches in width. (Compl. ¶¶ 34–37.) Defendant argues that because these barriers have been corrected, Plaintiff's claims are moot.

Because a plaintiff can only sue for injunctive relief in an ADA case, the Ninth Circuit has explained that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Hubbard v. 7–Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (defendant repaired ramp slope from public sidewalk to store entrance, which was too steep, thus mooting the ADA claim).

Defendant presents evidence from Battista, a certified access specialist, who provides declaration testimony that the Restaurant's parking spaces and counter access are now in compliance. Although Plaintiff disputes that these areas are now in compliance, the only evidence he submits to rebut the current state of those alleged "barriers" is the declaration of his own certified access specialist, Kent.

Kent acknowledges that the Restaurant now how has a van accessible space with the correct dimensions. (Kent Decl. Ex. 6 at 4.) Additionally, Kent explains that the order and pick-up counters are the compliant width. (*Id.*) Kent does note that one part of the counter was 34 ½ inches high at the time of her visit, which she opines is non-compliant. (*Id.* at 4–6.) In the Complaint, however, Plaintiff alleges that the counter is out of compliance because it was higher than 36 inches in height. (Compl. ¶ 36.) The Court has confirmed that the compliance standards Plaintiff relies on in the

Compliant require only a maximum counter height of 36 inches. 2010 ADA Standards § 904.4.1.

Therefore, the Court finds that the ADA violations alleged in the Complaint have been corrected.

**B.    The Court Declines to Grant Plaintiff Leave to Amend the Complaint**

Although Plaintiff raises the possibility of additional barriers at the Restaurant in his Opposition, Plaintiff has not amended his Complaint, nor requested to do so, to address these new barriers. Additionally, the deadline to hear a motion to amend the pleadings passed over a month ago on June 11, 2018. (ECF No. 26.)

The Ninth Circuit has held that in certain circumstances, a Court should construe new issues raised in opposition to a summary judgment motion as a request under Federal Rule of Civil Procedure 15(b) to belatedly amend the pleadings. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court finds that Plaintiff unduly delayed moving for leave to amend the Complaint. Defendant moved for summary judgment on April 20, 2018, putting Plaintiff on notice of the possibility that Defendant had remediated the barriers at the Restaurant. (ECF No. 29.) However, Plaintiff should have been on notice of the potential remediation as early as January 8, 2018, when Defendant filed a "Statement of Remediation" and attached Battista's report. (ECF No. 22.) Instead of immediately investigating the state of the Restaurant, Plaintiff waited to send out its own inspector until May 2, 2018. Even then, Plaintiff would have had time to move for leave to amend before the deadline, yet Plaintiff failed to do so. The Court also finds that Defendant would suffer prejudice should Plaintiff be permitted leave to amend the Complaint. Therefore, the Court declines to grant Plaintiff leave to amend.

Because Defendant has corrected the barriers alleged in the Complaint and the Court declines to grant Plaintiff leave to amend, the Court **GRANTS** summary judgment as to Plaintiff's ADA claim.

**C.  UCRA**

Defendant also moves for summary judgment as to Plaintiff's claim under the UCRA. Because the Court grants summary judgment on Plaintiff's ADA claim, the only remaining issue is whether the Court may exercise supplemental jurisdiction over the pendent state-law claim.

The Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...." 28 U.S.C. § 1367(a). The ADA claims and state-law claim share a common nucleus of operative fact and are "part of the same case or controversy;" both use identical factual allegations and violations of the ADA constitute violations of the parallel sections in the UCRA. *See* Cal. Civ. Code §§ 51(f), 54(c). Nevertheless, once the court acquires supplemental jurisdiction, it may decline to exercise it if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction, or;

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The decision to retain jurisdiction over state-law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

Here, the Court granted summary judgment on the ADA claim, the only claim over which it has original jurisdiction. "[I]n the usual case in which federal-law

claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Thus, the Court declines to exercise supplemental jurisdiction over the state-law UCRA claim, as it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1); *see, e.g.*, *Oliver*, 654 F.3d at 910 (finding district court did not abuse its discretion in dismissing state-law claims under the UCRA and CDPA after losing original jurisdiction over ADA claim); *see also Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *4 (N.D. Cal. Feb. 24, 2015) ("In a Title III ADA action, a district court may properly decline supplemental jurisdiction over related state-law access claims once the ADA claim has been dismissed."). The Court **GRANTS** Defendant's Motion as to the UCRA claim.

### V. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (ECF No. 29.) The Court will issue judgment.

**IT IS SO ORDERED.**

July 20, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**